UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN EDWARD KIRK,

    Petitioner,                                 Civil No. 2:20-CV-10748
                                                      HONORABLE NANCY G. EDMUNDS

v.

CONNIE HORTON,

    Respondent.
_____/

**<u>OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*</u>**

John Edward Kirk, ("Petitioner"), confined at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for second-degree murder, M.C.L.A. 750.317; felon in possession of a firearm, M.C.L.A. 750.224f; and felony-firearm, M.C.L.A. 750.227b. For the reasons that follow, the petition for a writ of habeas corpus is DENIED.

**I. Background**

Petitioner was charged with first-degree murder and two firearms offenses. Following a bench trial in the Wayne County Circuit Court, petitioner was convicted of the lesser included offense of second-degree murder and guilty as charged of the firearms offenses.

This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009):

> Defendant's convictions arose from the fatal shooting of Jevonta Malone in Malone's Detroit home on July 19, 2016. The principal issue at trial was

1

defendant's identity as the shooter. The prosecution presented evidence that, days before the shooting, defendant and Malone exchanged hostile Facebook messages. On the day of the shooting, Elisha Perry, a friend to both men, fell asleep while riding in defendant's car. When she awoke to the sound of gunfire, she found that defendant's car was parked just down the street from Malone's house and defendant was not in the car. Defendant then rushed into the car, breathing heavily, and stated that he "got that bitch-ass n-----." Malone died in his backyard, having been shot 10 times. After the shooting, defendant fled the state but police ultimately apprehended him in Indiana. At trial, the defense argued that the prosecution witnesses were unreliable, that no physical evidence linked defendant to the crime scene, and that defendant was misidentified.

*People v. Kirk*, No. 339258, 2019 WL 691672, at *1 (Mich. Ct. App. Feb. 19, 2019); *lv. den.* 504 Mich. 903, 929 N.W. 2d 356 (2019).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Defendant Kirk's convictions for murder 2nd, felon in possession of a firearm, and felony firearm should be vacated where the prosecution failed to meet its burden of proof regarding the elements of the crimes resulting in insufficient evidence supporting the charges.

II. Defendant was deprived of due process and the right to compulsory process when the prosecution failed to notify the defense and obtain the presence of the res gestae witness who was nearby during the incident; trial counsel was ineffective in failing to investigate and produce the witness.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>    (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 410-11.

### III. Discussion

**A.  Claim # 1. The sufficiency of evidence claim.**

Petitioner first claims there was insufficient evidence to convict him of the offenses.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970). But the crucial question on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979).  A court need not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt."  Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found

3

the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19 (internal citation and footnote omitted)(emphasis in the original).  The *Jackson* standard applies to bench trials, as well as to jury trials. *See, e.g., U.S. v. Bronzino,* 598 F.3d 276, 278 (6th Cir. 2010).

When considering a challenge to the sufficiency of the evidence to convict, the reviewing court must give circumstantial evidence the same weight as direct evidence. *See United States v. Farley*, 2 F.3d 645, 650 (6th Cir. 1993).  "Circumstantial evidence alone is sufficient to sustain a conviction and such evidence need not remove every reasonable hypothesis except that of guilt." *United States v. Kelley*, 461 F.3d 817, 825 (6th Cir. 2006)(internal quotation omitted); *see also Saxton v. Sheets*, 547 F.3d 597, 606 (6th Cir. 2008)("A conviction may be sustained based on nothing more than circumstantial evidence.").

A federal habeas court cannot overturn a state court decision that rejects a sufficiency of the evidence claim simply because the federal court disagrees with the state court's resolution of that claim.  Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith,* 565 U.S. 1, 2 (2011).  "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.*  Indeed, for a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 566 U.S. 650, 656 (2012).  A state

4

court's determination that the evidence does not fall below that threshold is entitled to "considerable deference under [the] AEDPA." *Id.*

Finally, on habeas review, a federal court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor was observed at trial. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony. *Neal v. Morris*, 972 F.2d 675, 679 (6th Cir. 1992). A habeas court therefore must defer to the fact finder for its assessment of the credibility of witnesses. *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003); *see also United States v. Vance*, 956 F.3d 846, 853 (6th Cir. 2020)(in a bench trial, credibility of witnesses is a question for trial judge).

Petitioner argues that there was insufficient evidence to establish his identity as the perpetrator.

Under Michigan law, "[T]he identity of a defendant as the perpetrator of the crimes charged is an element of the offense and must be proved beyond a reasonable doubt." *Byrd v. Tessmer*, 82 F. App'x 147, 150 (6th Cir. 2003)(citing *People v. Turrell*, 25 Mich. App. 646, 181 N.W.2d 655, 656 (1970)).

Petitioner initially argues that the evidence was insufficient to convict because there was no direct evidence that he was the shooter.

The Michigan Court of Appeals rejected this argument, noting that circumstantial evidence alone is sufficient to convict. *People v. Kirk*, 2019 WL 691672, at *2.

Identity of a defendant can be inferred through circumstantial evidence. *See Dell v. Straub,* 194 F. Supp. 2d 629, 648 (E.D. Mich. 2002). Eyewitness identification is not necessary to sustain a conviction. *See United States v. Parks,* 278 F. App'x 527, 536 (6th

5

Cir. 2008); *Dell v. Straub,* 194 F. Supp. 2d at 648. The Michigan Court of Appeals' reasonably found:

> Viewed in a light most favorable to the prosecution, the evidence supported the trial court's determination that the prosecution proved defendant's identity as the person who shot Malone. Evidence established that defendant and Malone exchanged hostile Facebook messages in which defendant's messages were threatening and indicated that he had a dispute with Malone. Perry's testimony established that defendant parked his car near Malone's house and returned to it after the shooting and essentially admitted to her that he shot Malone. Perry also testified that defendant cautioned her not to say anything. In addition to Perry's testimony, the prosecution presented evidence of Perry's and defendant's presence within the vicinity of the shooting. We hold that the circumstantial evidence presented by the prosecution provided a reasonable basis upon which the trier of fact, in this case, the trial court, could rationally conclude beyond a reasonable doubt that defendant shot Malone.

*People v. Kirk*, 2019 WL 691672, at *2.

Evidence at trial established a prior dispute between the victim and petitioner. Petitioner's prior argument or dispute with the victim is circumstantial evidence that establishes petitioner's identity as the murderer. *See, e.g., Moreland v. Bradshaw*, 699 F.3d 908, 917 (6th Cir. 2012). Petitioner's prior threats towards the victim was additional evidence to permit a rational trier of fact to conclude that petitioner was the person who murdered the victim. *See Pinchon v. Myers*, 615 F.3d 631, 643-44 (6th Cir. 2010).

Petitioner also essentially admitted to Ms. Perry that he shot the victim. "[A]n admission by the accused identifying himself as the person involved in the (crime) is sufficient to sustain a guilty verdict when the crime itself is shown by independent evidence." *United States v. Opdahl*, 610 F.2d 490, 494 (8th Cir. 1979); *see also Johnson v. Coyle,* 200 F.3d 987, 992 (6th Cir. 2000)(petitioner's identity as murderer supported in part by evidence that he confessed several times to murdering sister); *Sok v. Romanowski,* 619 F. Supp. 2d 334, 351 (W.D. Mich. 2008)(evidence sufficient to establish

6

petitioner's identity as armed robber where his admissions placed him at the location of the crime); *Hatchett v. Withrow*, 185 F. Supp. 2d 753, 759 (E.D. Mich. 2002)(petitioner's identity as perpetrator of crime supported in part by his detailed confession to the crime).

The evidence also established that petitioner fled to the State of Indiana after the shooting. A defendant's erratic and suspicious behavior in the aftermath of a murder is sufficient circumstantial evidence to support a jury's finding that the defendant was the perpetrator. *See Johnson v. Coyle,* 200 F.3d at 992. Petitioner's conduct in attempting to flee and elude the police is additional circumstantial evidence of his guilt.

Petitioner argues that there was insufficient evidence to convict him because the police did not recover DNA evidence, fingerprints, or other forensic evidence to convict. The Sixth Circuit notes that the "lack of physical evidence does not render the evidence presented insufficient; instead it goes to weight of the evidence, not its sufficiency." *Gipson v. Sheldon*, 659 F. App'x 871, 882 (6th Cir. 2016).

Petitioner finally challenges the credibility of the prosecution witnesses.

A federal court reviewing a state court conviction on habeas review that is "faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Cavazos v. Smith,* 565 at 7 (quoting *Jackson v. Virginia,* 443 U.S. at 326). Moreover, when evidence in a bench trial "consists largely of contradictory oral evidence, due regard must be accorded the trial court's opportunity to judge the credibility of witnesses." *Bryan v. Government of Virgin Islands,* 150 F. Supp. 2d 821, 827 (D. Virgin Islands 2001). In this case, the trial

7

court judge chose to credit the prosecution witnesses' testimony. This Court must defer to the trial court's credibility findings. *Id.* at 828; *Vance,* 956 F.3d at 853.

Because there were multiple pieces of evidence to establish petitioner's identity as the shooter, the Michigan Court of Appeals did not unreasonably apply *Jackson v. Virginia* in rejecting petitioner's sufficiency of evidence claim. *See Moreland,* 699 F.3d at 919-21. The Michigan Court of Appeals' decision was reasonable, precluding relief.

**B. Claim # 2. The res gestae witness/ineffective assistance of counsel claim.**

Petitioner next claims that he was denied his constitutional right to due process and a fair trial because the prosecution failed to locate and produce a *res gestae* witness named Kenneth Salter who the prosecution had listed as a witness and had subpoenaed, but who failed to appear at the trial. In the alternative, petitioner claims that counsel was ineffective for failing to object to the prosecution's failure to produce Mr. Salter.

The Sixth Amendment guarantees a defendant the right to confront witnesses and to have compulsory process for witnesses favorable to him. However, the Sixth Amendment does not require the prosecution to call every witness who is competent to testify. *United States v. Moore,* 954 F.2d 379, 381 (6th Cir. 1992); *Whittaker v. Lafler*, 639 F. Supp. 2d 818, 825 (E.D. Mich. 2009). The right to confrontation does not impose a duty upon the prosecution to call a particular witness. *United States v. Bryant,* 461 F.2d 912, 916 (6th Cir. 1972). Stated differently, the Confrontation Clause "is not a guarantee that the prosecution will call all the witnesses it has against the defendant." *United States v. Morgan,* 757 F.2d 1074, 1076 (10th Cir. 1985). In *Cooper v. California,* 386 U.S. 58, 62, n. 2 (1967), the U.S. Supreme Court found a habeas petitioner's contention that he was deprived of his right to confrontation because the state did not produce an informant

to testify against him to be "absolutely devoid of merit." *Id.* Therefore, the Sixth Amendment right to confrontation "does not come into play where a potential witness neither testifies nor provides evidence at trial." *United States v. Porter,* 764 F.2d 1, 9 (1st Cir. 1985)(internal citations omitted).

Federal law does not require the production of *res gestae* witnesses. See *Johnson v. Hofbauer,* 159 F. Supp. 2d 582, 601 (E.D. Mich. 2001). Michigan law's requirement that the prosecutors produce *res gestae* witnesses is simply a matter of state law whose enforcement is beyond the scope of federal habeas review. *See Collier v. Lafler,* 419 F. App'x 555, 559 (6th Cir. 2011). "[U]nder federal law, there is no obligation on the part of the prosecutor to call any particular witness unless the government has reason to believe that the testimony would exculpate the petitioner." *Atkins v. Foltz*, 856 F. 2d 192 (Table), 1988 WL 87710, * 2 (6th Cir. Aug. 24, 1988)(citing to *United States v. Bryant*, 461 F.2d at 916). Thus, whether a prosecutor exercised due diligence in attempting to locate a *res gestae* witness is outside the scope of federal habeas review. *Collier,* 419 F. App'x at 559. Petitioner presented no evidence that Mr. Salter would have offered exculpatory evidence had he testified; he is not entitled to habeas relief.

The Court rejects petitioner's related ineffective assistance of counsel claim.

To prevail on his ineffective assistance of counsel claim, petitioner must show that the state court's conclusion regarding his claim was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's

9

performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

Petitioner failed to show that Mr. Salter would have offered favorable testimony to the defense, therefore, counsel was not ineffective for failing to seek the production of this witness at trial. *See Greene v. Lafler*, 447 F. Supp. 2d 780, 793 (E.D. Mich. 2006). In addition, trial counsel's decision to forego requesting the production of Mr. Salter may have been reasonable trial strategy because counsel was able to get the judge to instruct herself on the adverse inference instruction, M Crim JI 5.12, which indicates that a finder of fact can infer that a missing witness's testimony would have been unfavorable for the prosecution. Trial counsel's decision to capitalize on the Mr. Salter's absence, rather than to request the production of this witness, was a matter of reasonable trial strategy that defeats petitioner's claim. *See Collier v. Lafler,* 419 F. App'x at 560-61.

### IV. Conclusion

The petition is denied with prejudice. The Court denies a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See Allen v. Stovall*, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001). The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Id.*

### V. Order

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE**.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

                        s/ Nancy G. Edmunds
                        NANCY G. EDMUNDS
                        UNITED STATES DISTRICT JUDGE

Dated: November 4, 2022